Reese, J.
delivered the opinion of the court.
This is an action of debt. The defendant pleaded in short two pleas, payment and set-off. And plaintiff replied in short to both, electing to treat them as valid and effective pleas.
The jury were sworn to try the issues, and they make a specific response in their verdict to one of the pleas only — that of payment — in language, whose meaning and legal effect, is appropriate to one of the issues only, omitting to take any notice whatever of the plea of set-off. This is error not the less, that the pleas and replications, were in short. The plaintiff might have treated those pleas as something or nothing; but when he chooses to treat them as something, that is, as valid and effective, the court too must treat them as something, and cannot at his instance hold them to be nothing.
This precise point is decided in the case of Crutcher vs. Williams, 4th Humphreys, in opposition to what is said in 4th Yer. 565. We adhere to the first named case.
There was a case last winter at Nashville, in which the pleas were gaming and payment, and the verdict responded in language not technically appropriate to either plea, although in substantial meaning and legal effect contradicting both; namely, that the defendant did owe the debt sued for.
We felt it to be our duty, to so mould the verdict as to make it sensible and effective if possible. The jury overlooked the terms of both pleas; replied to neither in their verdict, in appropriate language., and the verdict was indeed a nullity, or in legal effect an answer to both pleas. We felt it our duty to give, and were at liberty to give, a construction to the verdict that would make it effective; ut res magis valeat quam qqereat. But here the verdict is legally and technically a response to one of the pleas: in substance it applies to one of the pleas; there is nothing in it applicable to the other, the other is altogether overlooked.
For this reason the verdict and judgment must be set aside, and a new venire be awarded.